**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUSSELL STONE | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 02-6563 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

**PRE-TRIAL MEMORANDUM OF PLAINTIFF, RUSSEL STONE**

**I.  BRIEF STATEMENT OF THE NATURE OF THE CASE AND ISSUES TO BE ADDRESSED**

  A.  Statement of Facts

This **dental malpractice case** concerns the treatment of plaintiff, Russell Stone, at the Veteran Affairs Medical Center (VAMC) in Philadelphia from 08/2000 through 07/2002, and continuing through the present for pain management.  Mr. Stone underwent surgery at VAMC on August 30, 2002 which was intended to correct his obstructive sleep apnea, and which was performed in two parts.  The first part of the surgery was an adenoidectomy and uvulopalatopharyngoplasty.  The second part of the surgery involved a **genioglossus advancement** and was performed by Joseph Foote, DMD, M.D.  A genioglossus advancement is a procedure used to advance the genioglossus muscles, being muscles of the tongue, to increase the posterior airway space.  It involves making a bone cut from the most anterior to the posterior aspect of the mandible and advancing the mandible to a fixed position.

After this August 30, 2000 genioglossus advancement surgery performed by Dr. Foote, Mr. Stone had chin pain and left mental nerve paresthesia.  X-rays taken on

September 5, 2000 were blurred due to improper positioning. X-rays taken on September 25, 2000 clearly demonstrated a fracture of the mandible extending vertically between teeth numbers 24 and 25. The fracture was never recognized by any doctor at the VAMC until October 16, 2000, more than six weeks after the August 30, 2000 procedure.

As a result of this mandible fracture, Mr. Stone underwent a **2nd surgery on October 25, 2000**, being removal of a metal plate, debridement of the fracture, and placement of additional plates for immobilization. One year later Mr. Stone underwent a **3rd surgery on September 5, 2001** to remove the retained hardware from the anterior mandible that had been placed during the October 25, 2000 surgery for treatment of the jaw fracture. Mr. Stone was hospitalized yet again in 2002, and underwent a **4th surgery on July 30, 2002** to remove a retained drill bit which had broken during the surgery of October 25, 2000 and was left in his jaw.

    B.    <u>Theories of Liability</u>

Plaintiff contends that the defendant breached the applicable standard of care during the surgery of August 30, 2000, being the genioglossus advancement surgery, resulting in injury to his left mental nerve and fracture of his lower jaw. Plaintiff further contends that the defendant breached the standard of care during the surgery to repair the jaw fracture in that there was inadequate mobilization of the fracture. As a result of this inadequate treatment of the jaw fracture, the fracture did not heal and deteriorated. It produced inflammation, infection, nonunion, bone loss, loss of teeth, and the need for future surgery to repair the fracture.

As a result of the mental nerve injury, Mr. Stone continues to suffer from constant pain and permanent numbness, which requires daily use of strong narcotic pain

medications. The need for chronic narcotic pain medication, which includes side effects of drowsiness, dizziness and slowed reflexes, render Mr. Stone completely disabled from employment, and he cannot be expected to maintain regular employment responsibilities due to his chronic pain and the need for high dose narcotic pain medication on a continual basis.

II. **LIST OF ALL WITNESSES TO APPEAR AT TRIAL**

    A. Expert Witnesses

        1. Robert M. Wohar, DMD, JD (Liability and Causation Expert)
           170 North Henderson Road, Suite 310
           King of Prussia, PA 19406
           (610)337-7100

Dr. Wohar will testify at trial consistent with his opinions set forth in his reports of March 19, 2002; February 13, 2002; and June 26, 2003, copies of which are attached.

        2. Dr. Ronald Kaiser (Vocational Expert)
           Thomas Jefferson University Hospital
           111 South 11th Street
           Suite 8130
           Philadelphia, PA 19107
           (215)955-2743

Dr. Kaiser will testify at trial consistent with his opinions set forth in his report of March 4, 2003, a copy of which is attached.

    B. Fact Witnesses

        1. Russell Stone (plaintiff)

        2. Dr. Joseph Foote (treating physician)
           c/o VAMC

        3. Dr. John Mooney (treating physician)
           c/o VAMC

        4. Dr. Craig Vigliante (treating physician)
           c/o VAMC

**III.   LIST OF EXHIBITS**

Medical Records

P1.   Records from the VAMC Volume I of III;

P2.   Records from the VAMC Volume II of III;

P3.   Records from the VAMC Volume III of III;

P4.   VAMC administrative record;

P5.   VAMC dental records Volume I;

P6.   VAMC dental records Volume II;

P7.   VAMC primary care chart;

P8.   VAMC administrative folder;

P9.   VAMC medical records (A);

P10.  Operative Note: 08/30/00;

P11.  Operative Note: 10/25/00;

P12.  Operative Note: 09/05/01;

P13.  Operative Note: 07/30/02;

P14.  X-rays: 08/24/00;

P15.  X-rays: 09/06/00;

P16.  X-rays: 10/26/00;

P17.  X-rays: 12/26/00;

P18.  X-rays: undated;

P19.  X-rays: 09/25/00;

P20.  X-rays, 01/10/01, occlusal view;

P21.  Head films: 08/24/00, lateral and PA;

P22. Head films: 09/12/00, lateral;

P23. Head films: undated;

P24. CT films of 10/16/00;

P25. Report of 10/16/00 CT scan;

P26. Treatment note: 09/06/00;

P27. Treatment note: 09/25/00;

P28. Treatment note: 09/29/00, incision and drainage of infection involving lower anterior mobile teeth;

P29. Treatment note: 10/16/00 regarding lower anterior lingual swelling and +3 mobility of two teeth, with continuing infection;

P30. Record of ER treatment on 09/23/00;

P31. Record of ER treatment at HUP on 10/29/00;

P32. Report of brain MRI dated 03/05/02;

P33. Report of TMJ MRI dated 03/05/02;

Depositions

P34. Deposition: Russell Stone;

P35. Deposition: Joseph Foote, DMD, MD;

P36. Deposition: John William Mooney, DDS;

P37. Exhibits to Dr. Mooney's deposition, marked collectively as "Mooney 1 through 21";

P38. Exhibits to Dr. Foote's deposition, marked collectively as "Foote 1 through 12";

Correspondence

P39. Letter by Russell Stone to the Veterans' Administration dated February 15, 2001;

P40. Veterans' Hospital Report of Contact with Russell Stone dated February 21, 2001;

P41. Memorandum of Department of Veteran Affairs dated March 9, 2001 from director, hotline division (53e), with attached Memo dated April 4, 2001 from John W. Mooney, DDS and Joseph W. Foote, DMD, MD;

Expert Reports and Curricula Vitae

P42. Expert reports of Robert M. Wohar, DMD, JD, dated March 19, 2002, February 13, 2002 and June 26, 2003;

P43. Curriculum vitae of Robert M. Wohar, DMD, JD;

P44. Expert report of Ronald S. Kaiser, Ph.D., dated March 4, 2003;

P45. Curriculum vitae of Ronald S. Kaiser, Ph.D.

Employment Information

P46. Wage data compilation, including 1998 miscellaneous income form workers' compensation stubs, pay stubs, social security earnings history, and income tax returns;

Pleadings

P47. Plaintiff's Complaint;

P48. Defendant's Answer to Complaint;

P49. Plaintiff's Interrogatories Directed to Defendants;

P50. Defendant's Answers to Interrogatories;

Demonstrative Exhibits and Summaries

P51. Summary of surgical procedures;

P52. Summary of hospital admissions; and

P53. Treatment timeline.

IV. **ITEMIZED STATEMENT OF DAMAGES**

1. Past wages and future lost wages and impairment of earning capacity in the amount of $425,000.00.

2. Past pain and suffering.

3. Future pain and suffering.

4. Loss of life's pleasures.

5. Embarrassment and humiliation.

6. Disfigurement.

Plaintiff claims these damages as result of the defendant's substandard care. Mr. Stone suffers from inflammation, infection, nonunion, bone loss, loss of teeth, and the need for additional surgeries to repair the jaw fracture as a result of the initial inadequate fracture treatment. Mr. Stone continues to suffer from constant pain and permanent numbness which requires daily use of narcotic pain medication. The pain medication, with side effects of drowsiness, dizziness and slowed reflexes, render Mr. Stone is unable to maintain gainful employment due to the chronic pain and need for high dose narcotics. Mr. Stone was also caused to undergo additional surgeries on October 25, 2000 and July 30, 2002 which would not have been necessary if the original surgery of August 30, 2000 had been performed within the applicable standard of care.

**V.      STIPULATIONS BETWEEN THE PARTIES**

The parties will stipulate to the dates of medical treatment, the dates of surgeries, and the procedures performed.

**VI.     ESTIMATED TIME FOR TRIAL**

Plaintiff's case will last 1-1½ days.

**VII.    OTHER DISCLOSURES REQUIRED BY FED. R.CIV.P. 26(a)(3)**

None.

                              Respectfully submitted

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.


BY:_____DLJ1784
        DONNA LEE JONES, ESQUIRE
        I.D. #79849
        34TH Floor, One Liberty Place
        1650 Market Street
        Philadelphia, PA 19103
        (215)496-8282

Attorney for Plaintiff, Russell Stone

Date: April 27, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL STONE | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. 02-6563 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the enclosed document was served upon those listed below by first-class mail, postage prepaid, on the date set forth below:

> K. T. Tomlinson Newton, Esquire
> U.S. DEPARTMENT OF JUSTICE
> U.S. ATTORNEY'S OFFICE
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19103

Date: April 27, 2004                  _____DLJ1784
                                                     DONNA LEE JONES